**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PATRICK SHIN,

          Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

          Respondent-Appellee.

No.   17-16460

D.C. No.
1:15-cv-00377-SOM-RLP

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
Susan O. Mollway, District Judge, Presiding

Argued and Submitted October 12, 2018
Honolulu, Hawaii

Before: WARDLAW, BERZON, and RAWLINSON, Circuit Judges.

Patrick Shin (Shin) appeals the district court's denial of his petition for a

writ of error *coram nobis* or, in the alternative, a writ of *audita querela*.

We review *de novo* the district court's ruling on a petition for a writ of error

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

*coram nobis* or a writ of *audita querela*. *See United States v. Riedl*, 496 F.3d 1003, 1005 (9th Cir. 2007); *see also United States v. Hovsepian*, 359 F.3d 1144, 1153 (9th Cir. 2004) (en banc). We review for an abuse of discretion a district court's determination whether an evidentiary hearing is warranted. *See Runningeagle v. Ryan*, 825 F.3d 970, 990 (9th Cir. 2016). We affirm.

**1.** To establish entitlement to a writ of error *coram nobis*, the petitioner must show that: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction . . . ; and (4) the error is of the most fundamental character." *Riedl*, 496 F.3d at 1006 (citation omitted). Shin has established the first three factors, but not the fourth.

As Shin has completed his sentence and is not in custody, no "more usual" remedy is available. *Id.* (citation omitted). Because Shin only became aware of the asserted exculpatory evidence in May, 2015, he had valid reasons for not attacking his conviction earlier. Finally, Shin has suffered at least reputational and professional consequences as a result of his conviction. *See Hirabayashi v. United States*, 828 F.2d 591, 606 (9th Cir. 1987) (recognizing a "presumption that collateral consequences flow from any criminal conviction") (citation omitted).

Shin pled guilty to making a false statement in violation of 18 U.S.C.

§ 1001(a)(3), admitting the materiality of his statement. *See United States v. Peterson*, 538 F.3d 1064, 1073 (9th Cir. 2008) (listing elements). However, Shin argues that an "error of the most fundamental character" occurred because the government violated *Brady v. Maryland*, 373 U.S. 83 (1963), when it failed to disclose exculpatory evidence that Wesley Choy (Choy) was not the proper party to testify as to materiality, and because his actions are no longer a crime after the Supreme Court's decision in *Universal Health Services, Inc. v. United States ex rel. Escobar*, 136 S. Ct. 1989 (2016).

Without deciding whether a *Brady* violation qualifies as an error of "the most fundamental character," we conclude that no *Brady* violation occurred because Shin did not prove the existence of exculpatory evidence. Although Choy acknowledged that he could not testify as to the materiality of Shin's false statement, Shin failed to provide any evidence that the government could not prove materiality through another witness, such as Annette Ching.

Shin also misreads *Escobar*. Contrary to Shin's contention, both *Escobar* and *United States v. Lindsey*, 850 F.3d 1009 (9th Cir. 2017) reiterated the "familiar" premise that a statement is material if a "reasonable [person] would attach importance to it in determining his choice of action in the transaction." *Escobar*, 136 S.Ct. at 2002-04 & n.6 (citation and alteration in original omitted);

3

*see also Lindsey*, 850 F.3d at 1014. Consequently, Shin's misstatements could be material irrespective of their subjective effect on a particular government official. *See Lindsey*, 850 F.3d at 1013-14.

2. "If the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Sivak v. Hardison*, 658 F.3d 898, 927 (9th Cir. 2011) (citation and alteration omitted). Shin failed to establish that an evidentiary hearing would reveal support for a *Brady* violation or for an absence of materiality. Thus, the district court did not abuse its discretion in denying Shin's request for an evidentiary hearing. *See id.*

3. "A person seeking a writ of audita querela must show . . . a legal defect in the underlying sentence or conviction. . . ." *Hovsepian*, 359 F.3d at 1154 (citations and internal quotation marks omitted). As discussed, Shin did not establish any such defect. Thus, *audita querela* relief is not available. *See id.*

**AFFIRMED.**